**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JORGE ANTONIO MILLAN-RODRIGUEZ, AKA Jorge Antonio Millan, AKA Jorge Millan, AKA Jorge Millan-Rodriguez, AKA Jorge A. Millan-Rodriguez, AKA Jorge Anton Millan-Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 14-73589 <br> 16-73411 <br> 17-72591 <br><br> Agency No. A073-906-847 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2019
Seattle, Washington

Before:    HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

In these consolidated petitions, Jorge Antonio Millan-Rodriguez, a native and

citizen of Mexico, seeks review of three orders of the Board of Immigration Appeals

(the "BIA") dismissing his appeals from decisions denying his applications for

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and two motions to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

Reviewing the factual findings underlying the agency's denial of asylum, substantial evidence supports the agency's determination that Millan-Rodriguez failed to demonstrate a well-founded fear of persecution necessary to establish eligibility for asylum. *See Halim v. Holder*, 590 F.3d 971, 976–77 (9th Cir. 2009). Although Millan-Rodriguez presented evidence that three of his family members have been killed in Mexico, the record as a whole does not compel a conclusion contrary to that reached by the BIA regarding the objective reasonableness of his fear. *See id.* at 977–78. As the BIA recognized, Millan-Rodriguez "has numerous other relatives in Mexico who have not faced harm," and "given that he did not know any of the fundamental facts of [his family members'] apparent kidnappings and killings, [he] did not establish that he was similarly situated and was at a similar risk." *See id.* at 799; *Mgoian v. INS*, 184 F.3d 1029, 1036 (1999) (analyzing whether evidence of violence against family members had sufficient personal connection to applicant to justify well-founded fear of persecution).

Because substantial evidence supports the denial of asylum, substantial evidence necessarily supports the agency's denial of withholding of removal as well. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (applicant who fails to

show well-founded fear of future persecution under asylum standard "necessarily fails to satisfy the more stringent standard for withholding of removal").

Substantial evidence also supports the agency's denial of CAT relief on the basis that Millan-Rodriguez failed to show it was more likely than not that a government official in Mexico would torture him or consent or acquiesce to his torture. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

We review for abuse of discretion the agency's denial of a motion to reopen. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010). It was not an abuse of discretion to deny as untimely Millan-Rodriguez's motions to reopen his 2005 and 2014 removal proceedings. It is undisputed that the motions are untimely unless the ninety-day filing deadline was equitably tolled. *See Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016). Millan-Rodriguez filed the motion to reopen his 2005 removal proceedings in 2016 but failed to demonstrate that he made reasonable efforts to pursue relief from at least 2005 to 2013 as required to equitably toll the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). Millan-Rodriguez filed the motion to reopen his 2014 proceedings in 2017 but failed to demonstrate that he made any efforts to investigate the competence of his counsel's advice about the basis for his removal before 2016 despite being personally served in 2013 with the Notice to Appear that identified the specific basis for removal. Consequently, he did not establish the due diligence necessary for equitable tolling.

14-73589

*See id.* at 680 (no equitable tolling where petitioner failed to take affirmative steps to investigate effectiveness of counsel).

The motion to transmit physical evidence (Case No. 14-73589, Docket Entry Nos. 46, 58 and 60; Case No. 16-73411, Docket Entry Nos. 29, 41 and 43; Case No. 17-72591, Docket Entry Nos. 13 and 15) is denied as moot.

**PETITIONS FOR REVIEW DENIED.**

*Jorge Millan-Rodriguez v. William Barr*, No. 14-73589+

W. FLETCHER, Circuit Judge, dissenting in part:

I agree with my colleagues' analysis of Millan-Rodriguez's challenges to the BIA's denials of his motions to reopen. However, I disagree with my colleagues' conclusion that the BIA's denial of Millan-Rodriguez's application for asylum was supported by substantial evidence.

The only element of the asylum analysis properly before us is whether Millan-Rodriguez reasonably fears harm that rises to the level of persecution upon his return to Mexico. "Even a ten percent chance that the applicant will be persecuted in the future is enough to establish a well-founded fear." *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004)). I would conclude that Millan-Rodriguez has carried his burden through testimony found credible by the Immigration Judge and the BIA. For that reason, I respectfully dissent.